**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Mark Anthony DIXON, Defendant— Appellee.**

**No. 02–10299.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2004.

Decided Dec. 29, 2004.

USSAC–Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellant.

Joseph Shemaria, Esq., Law Office of Joseph Shemaria, Los Angeles, CA, for Defendant–Appellee.

Before: BEEZER, W. FLETCHER and FISHER, Circuit Judges.

MEMORANDUM *

The government appeals a district court order suppressing drug evidence that Vallejo Police Department officers obtained when they searched Dixon's home pursuant to a search warrant on September 14,

* This disposition is not appropriate for publication and may not be cited to or by the courts

2000.[1] The district court, following the approach we set forth in *United States v. Banks*, 282 F.3d 699 (9th Cir.2002), found that the officers' search violated federal knock-and-announce law because the officers waited only 20 to 30 seconds after knocking to enter Dixon's apartment forcibly.[2] After the district court entered its order, the Supreme Court reversed our *Banks* decision and clarified the role of exigent circumstances in knock-and-announce law. *See United States v. Banks*, 540 U.S. 31, 124 S.Ct. 521, 157 L.Ed.2d 343 (2003).

Under *Banks*, officers must normally wait a sufficient period of time after knocking and announcing their presence to allow an occupant to get to the door—a length of time that will vary according to such things as the time of day and the size and layout of the residence. Depending on the totality of the circumstances known to the officers at the time, however, they may force entry once they reasonably suspect that an occupant will destroy evidence if they do not act immediately. *See id.* at 38–40, 124 S.Ct. 521. The Court thus held that it was objectively reasonable for the officers to force entry into Banks' one-bedroom apartment within 15 to 20 seconds because they "could fairly suspect that cocaine would be gone if they were

reticent any longer." *Id.* at 38, 124 S.Ct. 521.

We VACATE the district court's suppression order and REMAND the case to the district court so that it may reconsider the legality of the search of Dixon's apartment in accordance with the legal standards articulated in *Banks*.

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We reject Dixon's argument that we do not have jurisdiction to review the suppression order because the government did not "diligently prosecute" its appeal as required by 18 U.S.C. § 3731. Failure to prosecute an appeal diligently does not deprive this court of jurisdiction but may be grounds for dismissal. *See* Fed. R.App. P. 3(a)(2); *United States v. Gantt*, 194 F.3d 987, 997 (9th Cir.1999). Here, however, the distinction is immaterial because the government did not fail to prosecute the appeal diligently.

2. The common law requirement that officers knock and announce their presence and then

wait either to be refused entry into a residence or until exigent circumstances arise is codified by 18 U.S.C. § 3109 and is incorporated into the Fourth Amendment reasonableness requirement. *See Wilson v. Arkansas*, 514 U.S. 927, 934, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995). Because only local officers conducted the search here, it should be evaluated under the Fourth Amendment, not § 3109. *See United States v. Valenzuela*, 596 F.2d 824, 829–30 (9th Cir.1979) (holding that § 3109 applies only to searches conducted by federal officers). Nonetheless, § 3109 case law may inform the Fourth Amendment inquiry. *See Wilson*, 514 U.S. at 934 n. 3, 115 S.Ct. 1914.